CITY OF GALION ET AL., APPELLANTS, *v.* AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES, OHIO COUNCIL
8, AFL–CIO, LOCAL NO. 2243, ET AL., APPELLEES.

[Cite as *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio
Council 8, AFL–CIO, Local 2243* (1995), 71 Ohio St.3d 620.]

(No. 94–82—Submitted January 24, 1995—Decided March 29, 1995.)

*Mabee, Meyers & Mills* and *Reese F. Mills*, Galion Director of Law, for appellants.

*Sheila A. Kyle–Reno* and *Ronald H. Janetzke*, for appellees.

FRANCIS E. SWEENEY, SR., J. The question certified for our review is "whether R.C. 2711.13 is a statute of limitation[s] that prohibits a party from filing an application to vacate or modify an arbitration award under R.C. 2711.10 [and 2711.11], after the expiration of the three-month period following the date of an arbitration award." To answer the certified question, this court must also determine whether a party, when challenging an arbitration award, has the option of bringing an action for declaratory judgment as an alternative to the statutory remedy contained in R.C. Chapter 2711.

For the foregoing reasons, we hold that R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award. We further hold a party may not file a declaratory judgment action under these circumstances, but is instead limited to following the statutory procedure set forth in R.C. Chapter 2711 when challenging an arbitration award.

R.C. 2711.10 and 2711.11 clearly establish the circumstances where a party may appeal to the common pleas court to vacate, modify or correct an arbitration award. *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Assn. for the Teaching of the Mentally Retarded* (1994), 71 Ohio St.3d 15, 641 N.E.2d 180. In order to vacate, modify, or correct an award, a party may file an action in the common pleas court pursuant to R.C. 2711.13. R.C. 2711.13 states:

"After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

"Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest * * *."

In our view, the language of R.C. 2711.13 is clear, unmistakable and, above all, mandatory. R.C. 2711.10 specifies when an arbitration award can be vacated, R.C. 2711.11 establishes the circumstances under which the common pleas court may modify or correct an arbitration award, and R.C. 2711.13 states the time frame in which the motion must be made. We are unpersuaded by appellant's argument that the statute of limitations in R.C. 2711.13 does not apply to motions brought under R.C. 2711.10 and 2711.11. If the General Assembly did not intend for the statute of limitations in R.C. 2711.13 to apply, it would have expressly excluded R.C. 2711.10 and 2711.11 from that section.

Thus, in answering the certified issue, we hold that R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11. If an application is filed after this period, the trial court lacks jurisdiction. Here, the arbitrator's award was issued on April 27, 1990. The city did not file its motion to vacate or modify the award until September 1992. Because the city failed to file its motion to vacate or modify the arbitrator's award within the required three-month period, the appellate court properly reversed the common pleas court.[1]

In addition to its motion to vacate or modify the award, the city filed a complaint for declaratory judgment. The city contends that it was warranted in requesting declaratory relief because the Declaratory Judgment Act (R.C. Chap-

---

1. It appears that almost four months after the arbitrator issued his award, the parties jointly requested a clarification from the arbitrator as to what was meant by the language "provided that [Tucker] has completed any probationary period." This request went unanswered for two years. It was finally answered after AFSCME asked the city to reinstate Tucker in July 1992. The city argues the clarification request tolled the statute of limitations. We reject this argument. The statutory language contained within R.C. 2711.13 contains no provision allowing for the tolling of the limitations period.

ter 2721) allows a common pleas court to construe a contract and declare a party's rights or legal status thereunder. Hence, it maintains that bringing a declaratory judgment action was appropriate, since it asked the court to construe the collective bargaining agreement to determine whether the arbitrator exceeded his authority when he ordered reinstatement instead of recommending reinstatement.

AFSCME argues that the city may not use a declaratory judgment action as an alternate remedy for appealing arbitration awards. We agree with AFSCME.

We have held that if there is a special statutory procedure which a party must use, an action for declaratory judgment is inappropriate. *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 572 N.E.2d 1387; *State ex rel. Taft v. Franklin Cty. Court of Common Pleas* (1992), 63 Ohio St.3d 190, 586 N.E.2d 114.

R.C. Chapter 2711 provides such a special statutory procedure. The arbitration statutes authorize limited and narrow judicial review of an arbitration award. These statutes set forth specific statutory procedures to vacate, modify, correct, or confirm an arbitration award. *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities, supra; Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 18 OBR 225, 480 N.E.2d 456. If we were to sanction the use of declaratory relief in this case, then parties challenging arbitration awards would be able to bypass the stringent requirements that are needed to overturn, modify, or correct an arbitration award. Such a result would be patently against the clear legislative intent favoring private settlement of grievances.

Accordingly, we hold R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas. Thus, an action in declaratory judgment cannot be maintained to circumvent the clear legislative intent of R.C. Chapter 2711.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, PFEIFER and COOK, JJ., concur.