DECISION AND JOURNAL ENTRY
Appellants Richard Blaszak, Blaszak Management, Inc., Residential Location Services, Inc. and RLS of Missouri, Inc. have appealed from a judgment of the Lorain County Common Pleas Court that confirmed an arbitration award in favor of Appellee Wickens, Herzer Panza, L.P.A. This Court affirms.
 I.
On March 19, 1998, Appellee filed a complaint in the Cuyahoga County Common Pleas Court for payment of legal fees and named Appellants as defendants. Appellants filed an answer and advanced several counter-claims. On March 16, 1999, the Cuyahoga Common Pleas Court stayed the proceedings and transferred the case to the Lorain County Common Pleas Court for further proceedings.
Pursuant to the Rules Governing the Fee Arbitration Committee of the Lorain County Bar Association and an agreement, executed by counsel for Appellants and Appellees, the matter was referred to binding arbitration. On June 7, 1999, an arbitration committee was empanelled and held a hearing. Thereafter, the panel issued an award in favor of Appellees on all counts.
On July 1, 1999, Appellee filed a motion to confirm the arbitration award. Appellants failed to respond in any fashion, and on July 7, 1999, the trial court entered judgment confirming the arbitration award in favor of Appellee. Appellants timely appealed, asserting three assignments of error.
 II.
In interpreting the Ohio Arbitration Act, R.C. Chapter 2711, courts have consistently held that a party to a binding arbitration proceeding does not have the right to seek judicial review of an award through an "appeal" to the common pleas court. See Roman v. Radiological Serv. Training Inst. (Apr. 16, 1998), Cuyahoga App. Nos. 72518, 72519, unreported, 1998 Ohio App. LEXIS 1601, at *5-6, citing Shorts v. Greater Cleveland Regional TransitAuth. (July 7, 1994), Cuyahoga App. No. 65775, unreported, 1994 Ohio App. LEXIS 2983. See, also, Galion v. Am. Fedn. of State,Cty. Mun. Emp., Ohio Council 8, AFL-CIO, Local 2243 (1995),71 Ohio St.3d 620, paragraph two of the syllabus (holding that R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use when seeking review of an arbitration award). Instead, pursuant to R.C. 2711.13, a party wishing to challenge an arbitration award may only move the common pleas court to vacate, correct or modify that award. In contrast, a party who is satisfied with the arbitration award may also move the common pleas court to confirm it. R.C. 2711.09. Any party, pursuant to R.C. 2711.15, may appeal to this Court from an order of the common pleas court which confirms, modifies, corrects, or vacates, a binding arbitration award.
In their arguments on appeal, Appellants have first asserted that the arbitration committee lacked "jurisdiction" because, pursuant to its own rules of governance, a panel must have a lay person as a member. The committee in this case was comprised of three lawyers. Second, Appellants have argued that because a second suit between the parties was pending the committee lacked "jurisdiction." Again, they have directed this Court's attention to the Rules Governing the Fee Arbitration Committee of the Lorain County Bar Association, which states that disputes that are also subjects of pending litigation are excluded from the committee's "jurisdiction." Finally, Appellants have argued that three of the four appellants never actually agreed to binding arbitration in accord with the Rules Governing the Fee Arbitration Committee of the Lorain County Bar Association, and that as a result, the award against them was invalid.
In response, Appellee has claimed that Appellants have waived each of these arguments. In support of its assertion, Appellee has pointed out that Appellants failed to (1) raise these objections at the trial court level, (2) move the common pleas court to vacate or modify the arbitration award, and (3) oppose Appellee's motion to confirm. Appellee's argument is well taken.
This Court holds that, even if Appellants' arguments set forth viable reasons for reversing the trial court's confirmation of the award, because Appellants failed to move to vacate, oppose Appellee's motion to confirm and raise any complaint whatsoever, they waived their right to raise such arguments before this Court. See Roman, supra, at *7, citing Lee v. Heckelmann (September 8, 1995), Lake App. No. 95-L-013, unreported, 1995 Ohio App. LEXIS 3906; Mote Assoc., Inc. v. Village of St. Henry (December 2, 1991), Mercer App. No. 10-90-12, unreported, 1991 Ohio App. LEXIS 5742; United Ctys. Carpenters Dist. Council v. Guy JohnstonConstr. Co. (July 12, 1989), Jefferson App. No. 88-J-10, unreported, 1989 Ohio App. LEXIS 2761. "A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention[.]" Ward v. Hengle (1997), 124 Ohio App.3d 396,406. Thus, because these issues are being raised for the first time on appeal, this Court will not address them. Accordingly, Appellants' first, second and third assignments of error are overruled.
 III.
Appellants' assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT SLABY, P. J., CARR, J., CONCUR.