OPINION
{¶ 1} Plaintiff-Appellant, Maumee Western Railroad Corporation and RMW Ventures, LLC ("MW"), appeals a Henry County Common Pleas Court judgment that dismissed MW's complaint for declaratory and injunctive relief and granted defendant-appellee's, Indiana Ohio Railway Company ("IO"), motion to confirm the arbitration award. MW contends that the trial court erred in holding that MW was a successor in interest to a 1927 agreement between Wabash Railway Company and the Detroit and Ironton Railroad Company, that MW accepted the 1927 agreement, and that the arbitrator lacked the authority to render a decision. Finding that MW failed to engage the necessary procedural mechanisms, in this matter, we affirm the judgment of the trial court.
 {¶ 2} This case began in July of 2000 when IO initiated arbitration pursuant to a 1927 agreement, to determine whether MW was required to pay a pro rata share of repair costs to an interlocking rail crossing system in Liberty Center, Ohio. At that time, IO notified MW by proper mailing of its demand for arbitration. Upon receiving notification, MW sent a letter to IO's attorney, stating MW was not a party to the 1927 agreement and that it would refuse to participate in the arbitration proceedings.
 {¶ 3} In September of 2001, an arbitration hearing was held; MW did not participate. In October of 2001, a written arbitration award was made in favor of IO. The arbitrator found that both IO and MW were successors in interest to the 1927 agreement, that the operation of the interlocking railcrossing at Liberty Center was necessary for the continued operation of both parties, that IO had made certain repairs and maintenance to the Liberty Center interlocking railcrossing, and that pursuant to the 1927 agreement, IO was entitled to reimbursement from MW for a portion of the costs of those repairs and maintenance. Accordingly, IO was awarded the amount of the unpaid maintenance charges that IO had assessed MW, totaling seventy-eight thousand, three hundred and seven dollars and sixty-six cents ($78,307.66).
 {¶ 4} In response to the arbitration award, MW filed a complaint for declaratory and injunctive relief. Subsequently, IO filed an answer to the complaint and a counterclaim, requesting the trial court confirm the arbitration award pursuant to R.C. 2711.09.
 {¶ 5} In August of 2003, the trial court entered judgment. Finding MW's complaint for a declaratory judgment was without merit, the court dismissed MW's complaint. Additionally, the court granted IO's motion to confirm the arbitration award and entered judgment in favor of IO against MW in the amount of $78,307.66 plus interest. It is from this judgment MW appeals, presenting three assignments of error for our review.
 Assignment of Error No. 1 The Trial Court erred to the prejudice of Appellants inholding that Maumee Western Railroad Corporation was a party tothe August 8, 1927 interlocking agreement between the WabashRailway Company and the Detroit and Ironton Railroad Company.
 Assignment of Error No. 2 The Trial Court erred to the prejudice of Appellant in holdingthat Appellant had accepted the August 8, 1927 interlockingagreement between the Wabash Railway Company and the Detroit andIronton Railroad company.
 Assignment of Error No. 3 The Trial Court erred to the prejudice of Appellant inenforcing an arbitration award as Appellant was not a party toany arbitration agreement, nor did the arbitrators have authorityto hear the dispute and render a decision, and the evidentiarymaterials submitted to the Trial Court did not support thejudgment as a matter of law.
 {¶ 6} In its three assignments of error, MW maintains that it was not subject to arbitration because it was not a party to the 1927 agreement; however, we address first whether the filing of a complaint for declaratory relief by MW was the proper method to challenge the arbitration award.
 {¶ 7} The Ohio Supreme Court addressed this issue in Galionv. Am. Fedn. of State, Cty. Mun. Employees (1995),71 Ohio St.3d 620. There the Supreme Court held:
R.C. Chapter 2711 provides the exclusive statutory remedywhich parties must use in appealing arbitration awards to thecourts of common pleas. An action in declaratory judgment cannotbe maintained to circumvent the clear legislative intent of R.C.Chapter 2711. Id. at para. one of syllabus.
In reaching its holding, the Supreme Court noted that:
R.C. 2711.10 and 2711.11 clearly establish the circumstanceswhere a party may appeal the common pleas court to vacate,modify, or correct an arbitration award. In order to vacate,modify, or correct an award, a party may file an action in thecommon pleas court pursuant to R.C. 2711.13. R.C. 2711.13 states:`After an award in an arbitration proceeding is made any party tothe arbitration may file a motion in the court of common pleasfor an order vacating, modifying, or correcting the award asprescribed in section 2711.10 and 2711.11 of the Revised Code.'
* * *
In our view the language of R.C. 2711.13 is clear,unmistakable and, above all, mandatory. Id. at 622 (citations omitted).
 {¶ 8} Here, MW filed its complaint for declaratory relief, asking the court to determine that MW was not subject to the 1927 agreement and that IO be enjoined from asserting any rights under the 1927 agreement. MW's complaint also asked the court to grant injunctive relief barring the enforcement of the arbitration award, to grant MW costs and attorney's fees, and to grant any further remedies as may be determined by the court. Based on the nature of the relief sought by MW's complaint, specifically MW's request for injunctive relief barring the enforcement of the arbitration award, we find MW was appealing the arbitration award. Because "R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the court of common pleas" and "an action in declaratory judgment cannot be maintained to circumvent the clear legislative intent of R.C. Chapter 2711," we find the court properly dismissed MW's complaint for declaratory relief.
 {¶ 9} MW maintains, though, that it was not a "party" to the arbitration proceeding because, it contends, it was not a party to the 1927 agreement requiring arbitration. MW would have us apply an overly narrow characterization of the term "party." Because the arbitration statute does not define the term "party" as used therein, we must apply the ordinary and commonly understood meaning of the term. See R.C. 1.42. "The term `parties' in its broad legal sense includes all who have an interest in the subject matter of the particular litiagation, who have the right to control the proceedings, to make defense, to adduce evidence, to cross-examine witnesses and to appeal the proceedings, if an appeal lies." Wright v. Schick (1938),134 Ohio St. 193, 198; see, generally, 73 O.Jur.3d "Parties" § 1, p. 8.
 {¶ 10} Irrespectively of the validity of MW's claim that it is not a party to the agreement, it became a party to the arbitration proceeding when it was named a party by IO, was notified of the proceeding, and had the opportunity to participate, assert its defense, and appeal as appropriate. To analogize the situation with an action under the Civil Rules, although one who is brought into the proceedings as a defendant may dispute and contest the claims being asserted against him, he is still a party to the proceeding.
 {¶ 11} MW had proper standing under R.C. 2711.10 to file a motion to vacate or modify the arbitration award. Furthermore, MW's grounds for challenging the arbitration award were cognizable under R.C. 2711.10, which states, in pertinent part:
In any of the following cases, the common pleas shall make anorder vacating the award upon the application of any party to thearbitration if:
* * *
(D) The arbitrators exceeded their power * * *.
Because MW was challenging the arbitrators' authority to render a decision, MW was clearly within the sweep of the statute and could have challenged the arbitration award under R.C. 2711.10(D).
 {¶ 12} Finally, we hold that the trial court's confirmation of the arbitration award was proper. "[O]nce an arbitration subject to R.C. Chapter 2711 is completed, the jurisdiction of the common pleas court is limited to confirmation, vacation, modification or enforcement of the award and only on terms provided by statute, i.e., R.C. 2711.09, 2711.10, 2711.12,2711.13 and 2711.14. Lockhart v. Am. Res. Inc. Co. (1981),2 Ohio App.3d 99. Thus, * * * absent a motion to modify, vacate, confirm or enforce, the court of common pleas is without jurisdiction to do anything but confirm or dismiss the complaint." Lake Land Development, Inc. v. Lee Corporation
(Nov. 29, 1999), 3d Dist. No. 4-99-10, unreported, citingColegrove v. Handler (1986), 34 Ohio App.3d 142, 146.
The jurisdiction of the courts to review arbitration awards is narrow and limited pursuant to legislative decree. Warren Edn.Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170. As to confirmation of an arbitrator's award by the court of common pleas, the Supreme Court held:
When a motion is made pursuant to R.C. 2711.09 to confirm anarbitration award, the court must grant the motion if it istimely, unless a timely motion for modification or vacation hasbeen made and cause to modify or vacate is shown. Warren Edn.Assn., 18 Ohio St.3d at syllabus.
 {¶ 13} Here, upon the filing of a motion to confirm by IO, the court was required to confirm the arbitration award because no contrary motion to vacate or modify had been filed by MW. Accordingly, the court's confirmation of the arbitration award was proper.
 {¶ 14} Finding both the court's dismissal of MW's complaint for declaratory relief and the court's confirmation of the arbitration award were proper, the first, second and third assignments of error are, therefore, overruled.
 {¶ 15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., concur.