JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Christopher Barksdale, pro se, appeals the trial court's dismissal of his complaint, its denial of his motion for summary judgment, and its granting of a motion to dismiss by defendant, Service Employees International Union District 1199 ("the Union").
 {¶ 2} On April 25, 2005, Barksdale filed his complaint alleging that the Union had failed to represent him properly in his grievance against his former employer, Murtis H. Taylor Multi-Service Center ("the Center"). He further argues that this misrepresentation requires that the arbitration award in favor of the Center be vacated.
 {¶ 3} Barksdale worked as a licensed social work assistant at the Center from 1993 until 1999, when he was terminated. Although the record is sketchy, it appears he worked with mental health clients of the Center. According to the explanation the Arbitrator provided in his decision, Barksdale was terminated for two different reasons: first, he misrepresented his educational background, and, second, he violated client confidentiality when he discussed a client in an interview with a local news program. In response to his termination, Barksdale filed a grievance through the Union. In April 2000, an arbitrator whom the parties had mutually selected heard the grievance and ruled against Barksdale and in favor of the Center. Barksdale took no action at that time, but on July 9, 2002, he filed suit alleging defamation by the Center and two former coworkers. That suit was dismissed because it was filed outside the statute of limitations. In federal court in 2004, he filed a complaint against the arbitrator individually. The federal court dismissed that case for failure to state a claim upon which relief could be granted.
 {¶ 4} In the Cuyahoga County Court of Common Pleas the following year, on April 25, 2005, Barksdale filed the suit which is the subject of this appeal, alleging two causes of action: one against the Union for breach of contract in its defense of him in the arbitration, and the other seeking to vacate the arbitration award because the arbitrator allegedly relied on illegally intercepted communications.
 {¶ 5} Following the trial court's dismissal of the case, Barksdale appealed, stating three assignments of error.
 {¶ 6} For his first and second assignments of error, Barksdale states:
I. THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, BY GRANTING APPELLE'S [sic] MOTION TO DISMISS DENYING APPELLANT SUMMARY JUDGMENT.
II. THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, BY FAILING TO GRANT APPELLANT'S CLAIM OF BREACH OF CONTRACT.
 {¶ 7} Barksdale argues that the trial court erred in granting the Union's motion, pursuant to Civ.R. 12(B)(6), to dismiss all of its claims against the Union. Instead, he argues, the court should have granted summary judgment in his favor.
 {¶ 8} "Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo." Fairview Realty Investors v. Seaair, Inc., Cuyahoga App. No. 81296, 2002-Ohio-6819, ¶ 8.
 {¶ 9} In his claim against the Union, Barksdale lists the following causes of action in his complaint: 1) fraud for using, in the hearing with the arbitrator, statements he made at Union "conciliation" meetings against him; 2) negligence on the part of the Union when it allowed his prior statements to be used against him at the hearing with the arbitrator; and 3) breach of contract. "The statutory duty of fair representation by the Union to all employees for whom it is the exclusive bargaining agent is not found in Ohio statutory or common law, but sounds in federal law, namely the National Labor Relations Act." Local Lodge 1297v. Allen (December 4, 1984), Ashland App. No. CA-812, 120 L.R.R.M. 2501, 1984 Ohio App. LEXIS 11829, at *5. In Allen, the Fifth Appellate District ruled that the trial court should have dismissed the union member's claim of breach of the duty of fair representation because the Union member had filed his complaint more than six months after the cause of action accrued.
 {¶ 10} Similarly, the Fifth Appellate District ruled, a breach of the Union's duty of fair representation [is] governed by federal labor law, § 301 of the Labor Management Relations Act. See Avco Corp. v. Aero Lodge No. 735,International Ass'n of Machinists (1968), 390 U.S. 557 (federal substantive law applies to alleged breaches of labor agreements even where plaintiff does not specifically plead federal cause of action). In addition, an alleged breach of the Union's duty of fair representation to its members is a claim governed by Section 301. Hines v. Anchor Motor Freight (1976), 424 U.S. 554; Vacav. Sipes (1967), 385 U.S. 895; Humphrey v. Moore (1964),375 U.S. 335.
Webler v. Dyneer Corp. (November 17, 1986), Stark App. No CA-6901, 124 L.R.R.M. 2946, 1986 Ohio App. LEXIS 9111, at *7.
 {¶ 11} Section 301 imposes a six-month statute of limitations for a claim against the Union for breach of fair representation. "The six-month period begins to run when the claimants discover, or should have discovered exercising reasonable diligence, the acts comprising the alleged violations." Id. at *8, citation omitted. As evidence of the Union's breach of contract, negligence, and fraud, Barksdale points to its failure to challenge his coworkers' statements that he had represented to them he had earned a degree from Cuyahoga Community College. He argues that it was error to allow these statements to be presented to the Arbitrator. Barksdale's claim, therefore, implies a breach of the duty of fair representation and thus falls under § 301 and its six-month statute of limitations.
 {¶ 12} Barksdale's complaint in the case at bar was filed in 2005. He was aware of the use of these statements in the arbitration hearing at the time the hearing occurred. Taking the day the Arbitrator denied his grievance, April 25, 2000, as the date the cause of action accrued, we find that the statute of limitations for any claim against the Union expired on October 25, 2000, nearly five years before Barksdale filed his claim in the case at bar. Accordingly, the trial court properly granted the Union's motion to dismiss all of Barksdale's claims against it, albeit for another reason than we find here Accordingly, assignments of error one and two are overruled.
 {¶ 13} Barksdale's final assignment of error states:
THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, BYFAILING [sic] TO GRANT APPELLANT'S APPLICATION FOR VACATION.
 {¶ 14} Barksdale claims that the trial court erred in not vacating the arbitration award. To support his claim, Barksdale relies heavily on R.C. 2712 et seq. This chapter applies, however, only to "international commercial arbitration and conciliation, subject to any agreement that is in force between the United States or any other state or states." Barksdale makes no allegations in the complaint that any portion of the contract, any of the parties, or the actual arbitration had any contacts other than here in the state of Ohio. R.C. 2712 et seq., which apply to "international" proceedings, do not apply to the case at bar.
 {¶ 15} Rather, the applicable statute for domestic arbitration cases is R.C. 2711 et seq. A motion to vacate an arbitrator's award must be filed in conformance with R.C.2711.13, which states:
After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.
Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within threemonths after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.
(Emphasis added.)
 {¶ 16} As noted above, Barksdale did not file his complaint until nearly five years after the arbitrator issued his award. The Ohio Supreme Court has held: "R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C.2711.10 or 2711.11. If an application is filed after this period, the trial court lacks jurisdiction." City of Galion v. Am. Fed'n Mun. Employees, Local No. 2243 (1995), 71 Ohio St.3d 620, 622. Because Barksdale's complaint was filed outside the statute of limitations, the trial court did not err in granting the Union's motion to dismiss. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Gallagher, J., concur.