{¶ 18} I respectfully disagree with the majority's conclusion that appellant may proceed outside of the Ohio Arbitration Act to confirm its award. Accordingly, I dissent.
 {¶ 19} In support of its conclusion, the majority cites to Warren Edn.Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170, 172-73 which quotes the editorial comment to R.C. 2711.09. I do not dispute that the comment purports to allow a "suit on award" when a party has failed to timely confirm the award under R.C. 2711.09. However, Warren did not adopt this provision, not was it at issue under the facts ofWarren. In fact, the Warren Court relied upon the editorial comment for another purpose altogether, to demonstrate that the "purpose of this section of the statute is to enable parties to an arbitration to obtain satisfaction of the award." Warren, 18 Ohio St.3d at 172. As such, the editorial comment to R.C. 2711.09 has not been adopted by the Ohio Supreme Court, nor is it binding on this Court. *Page 10 
 {¶ 20} Moreover, language appearing later in Warren undermines the notion that suits may be brought under the common law.
 "As was recognized in Lockhart v. American Res. Ins. Co. (1981), 2 Ohio App.3d 99, 101, R.C. 2711.09 through 2711.14, inclusive, provide the only procedures for post award attack or support of an arbitration decision." (Alterations and quotations omitted, emphasis added.) Id. at 173.
Accordingly, the sole procedure for supporting (i.e., confirming) an arbitration award must be contained in the above referenced statute. On its face, R.C. 2711.09 does not provide for a common law suit.
 {¶ 21} The majority's approach is also inconsistent with this Court's prior interpretation of R.C. 2711.09. As the majority correctly notes, R.C. 2711.09's time limitation is permissive. Thus, a motion to confirm that is filed beyond one year may be ruled upon under the correct circumstances, i.e., good cause had been shown and the opposing party has not been prejudiced. In contrast, the editorial comment relied upon by the majority states that after the one year period found in R.C.2711.09 has expired, "the remedy would be by a suit on the award." I do not believe that these avenues of relief can co-exist. This Court's prior interpretation that a party can move to confirm an award beyond the one year period is directly at odds with the language used by the editorial comment which would require that a separate suit be filed. As the comment is in conflict with the plain language of the statute, it cannot be relied upon to alter the meaning of the statute and must be disregarded. *Page 11 
 {¶ 22} Furthermore, the Ohio Supreme Court has declined to permit parties to proceed outside of Revised Code Chapter 2711. In Galion v.Am. Fedn. of State, Cty., and Mun. Employees (1995), 71 Ohio St.3d 620, the Court held that R.C. Chapter 2711 provides a "special statutory remedy." Id. at 623. In its holding, the Court found that permitting an action for a declaratory judgment regarding the scope of the arbitrator's authority would allow a party to "bypass the stringent requirements" of R.C. Chapter 2711. Id. As such, the Court found that such an action was improper. The majority's opinion likewise permits appellant to avoid the stringent requirements of the Ohio Arbitration Act. If filed under R.C. 2711.09, appellant would have the burden of demonstrating good cause for its untimely filing and would have the burden of demonstrating that appellee suffered no prejudice from the delay. The majority's approach alleviates this requirement in its entirety.
 {¶ 23} As the majority's opinion violates the purpose of the Ohio Arbitration Act to provide an exclusive mechanism for confirming awards, I respectfully dissent.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1