JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, John Wey ("Wey"), appeals the trial court's confirmation of an arbitration award in favor of FIA Card Services ("FIA"). Finding no merit to the appeal, we affirm.
 {¶ 2} In 2006, Wey opened a credit card account with FIA. The cardholder agreement governing the use of the account contained an arbitration provision. Following Wey's default on the credit card, FIA filed a claim with the National Arbitration Forum. The arbitrator issued an award in favor of FIA in the amount of $23,841.32.
 {¶ 3} FIA then filed a motion with the common pleas court to confirm and enforce the arbitration award. Wey objected to the motion, claiming that the arbitration agreement was unconscionable. FIA moved to strike Wey's objections, arguing that Wey's motion was nonresponsive and that his only recourse to challenge the award against him was to file a motion to vacate the arbitrator's award and then show cause to modify or vacate the award. Wey never filed a motion to modify or vacate the award.
 {¶ 4} After settlement negotiations failed, the trial court granted FIA's motion to strike and confirmed the arbitration award.
 {¶ 5} Wey appeals, raising five assignments of error for our review. In the first and second assignments of error, Wey argues that the trial court erred in imposing additional terms to the contract which had not been agreed upon because *Page 3 
he never agreed to be bound by an arbitration clause. In the third assignment of error, Wey argues the trial court erred in granting FIA's motion to strike.
 {¶ 6} R.C. 2711.09 provides that "[a]t any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." Id.
 {¶ 7} In Galion v. Am. Fedn. of State, Cty. Mun. Emp., Ohio Council8, AFL-CIO, Local 2243, 71 Ohio St.3d 620, 622, 1995-Ohio-197, 646 N.E.2d 813, the Ohio Supreme Court stated, "in our view, the language of R.C. 2711.13 is clear, unmistakable, and above all mandatory." The Court held that "R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11." Id. at paragraph one of the syllabus. If such an application is not filed within that period, the trial court lacks jurisdiction to vacate, modify, or correct the award. Id.
 {¶ 8} Pursuant to R.C. 2711.09, the trial court was required to confirm the arbitration award upon FIA's motion. Thus, Wey's only avenue of recourse was to file a motion to modify or vacate the award pursuant to R.C. 2711.13. Wey never filed such a motion. Moreover, we find that Wey is unable to demonstrate cause to modify or vacate the award as set forth in R.C. 2711.10 and 2711.11. "The *Page 4 
arbitration procedure set forth in R.C. Chapter 2711 authorizes a limited and narrow judicial review of an arbitration award and a de novo review of the merits of the dispute is not within the contemplation of the statute." Hausser Taylor, LLP v. Accelerated Sys. Integration,Inc., Cuyahoga App. No. 84748, 2005-Ohio-1017, at T|38, quotingAsset Acceptance LLC v. Stancik, Cuyahoga App. No. 84491,2004-Ohio-6912.
 {¶ 9} Therefore, the first three assignments of error are overruled.
 {¶ 10} As to the fourth and fifth assignments of error, Wey has failed to comply with App.R. 16(A)(3) and (A)(7) in that he has failed to mention, let alone reference or argue, these assignments of error. Thus, we will not address these assignments of error. See App.R. 12(A)(2).[1]
 {¶ 11} The fourth and fifth assignments of error are overruled.
 {¶ 12} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 5 
CHRISTINE T. McMONAGLE, J., and PATRICIA A. BLACKMON, J., CONCUR.
 Appendix
Assignment of error IV: The trial court erred in granting the motion and application to confirm an arbitration award where defendant had not agreed to arbitration. Assignment of error V: The trial court erred in imposing upon defendant the duty to prove the negative, denying defendant due process.
[1] See Appendix for these assignments of error. *Page 1