[Cite as *BST Ohio Corp. v. Wolgang*, 2019-Ohio-4785.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

BST OHIO CORPORATION, ET AL.,    :

    Plaintiffs-Appellees,    :

                         No. 108130

v.    :

EVAN GARY WOLGANG, ET AL.,    :

    Defendants-Appellants.    :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 21, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-908058

### *Appearances:*

Ciano & Goldwasser, L.L.P., Phillip A. Ciano, and Brent S. Silverman; Ulmer & Berne, L.L.P., Michael N. Ungar, and Amanda Martinsek, *for appellees*.

Calfee, Halter & Griswold, L.L.P., Colleen M. O'Neil, Alexandra R. Forkosh; Hamburg, Karic, Edwards & Martin, L.L.P., Steven S. Karic, *for appellants*.

MARY J. BOYLE, P.J.:

{¶ 1} The question presented in this case is whether R.C. 2711.13 requires a trial court to wait three months before confirming an arbitration award under R.C. 2711.09 when the party opposing confirmation appears and informs the trial court that he or she intends to file a motion to vacate within the three-month time frame set forth in R.C. 2711.13. We hold that it does. We therefore reverse the judgment of the trial court confirming the arbitration award and remand to give appellants 50 days from the date this case is reactivated on the trial court's docket to file a motion to vacate, modify, or correct the award under R.C. 2711.10 or 2711.11 (50 days is the amount of the time from the judgment entry of confirmation, January 15, 2018, to the time that appellants would have had to file the motion had the trial court not confirmed the award prematurely, March 6, 2018).

## I. Procedural History and Factual Background

{¶ 2} Defendants-appellants, Evan Gary Wolfgang ("Wolfgang") and Massillon Management Company ("Massillon Management"), appeal a judgment of the Cuyahoga County Court of Common Pleas confirming an arbitration award in favor of plaintiffs-appellees, BST Ohio Corporation and 26 other individuals and companies. Respondents raise two assignments of error for our review:

> 1. The trial court erred as a matter of law by granting respondents' motion to confirm arbitration award under R.C. 2711.09 before the expiration of the three-month period in which a party may file and serve a motion to vacate or correct an arbitration award under R.C. 2711.13.

2. The trial court abused its discretion by denying appellants' motion to stay proceedings or, in the alternative, for continuance of the hearing on respondents' motion to confirm, until after the expiration of the three-month period in which a party may file and serve a motion to vacate or correct an arbitration award under R.C. 2711.13.

{¶ 3} The parties in this case are owners of Prophecy Massillon L.L.C., a Delaware limited liability company. Prophecy owns real estate in Massillon, Ohio, that, according to the arbitrator, "is improved with facilities for dry and cold storage and distribution, parking, offices, and related uses." Appellees own a supermajority interest in Prophecy, and appellants own approximately 17% of it. Massillon Management, of which Wolfgang was the sole owner, managed Prophecy.

{¶ 4} The dispute in this case arose over appellants' management of Prophecy. Prophecy was governed by a "Second Amended and Restated Operating Agreement" ("SOA"), which the owners of Prophecy entered into on May 14, 2014. The SOA contained an arbitration agreement that stated that "[a] dispute arising out of or relating to this agreement * * * shall be settled by arbitration in Cuyahoga County, Ohio, in accordance with the American Arbitration Association." Under the SOA, the manager of Prophecy could only be removed for cause.

{¶ 5} In accordance with the SOA, appellees commenced commercial arbitration against appellants in February 2017 with the American Arbitration Association in Cleveland, Ohio. Plaintiffs sought, in part, a declaration that appellants should be removed for cause as the manager of Prophecy.

{¶ 6} After several weeks of hearings that took place between December 2017 and June 1, 2018, the arbitrator determined, among many other things, that

appellants "breached their fiduciary duty of loyalty by failing to act in good faith or that constituted willful or wanton misconduct," which amounted to cause under the SOA. But the arbitrator determined that she did not have the authority under the SOA to remove appellants as the manager of Prophecy, leaving that to other members of Prophecy. The arbitrator also issued a monetary judgment against appellants.

{¶ 7} On December 6, 2018, the day the arbitrator issued her final award, appellees filed an application for an order confirming it. Appellees served appellants with their application that same day.

{¶ 8} On December 22, 2018, the trial court issued notice to the parties that it set a hearing on appellees' application to confirm arbitration award for December 27, 2018.

{¶ 9} On December 24, 2018, appellants moved to stay the proceedings or in the alternative, for a continuance, requesting an "expedited ruling." In their motion, appellants informed the trial court that on December 7, 2018, they filed a petition to vacate or correct the arbitration award in a county court in Los Angeles, California ("the California Petition to Vacate").[1] Appellants further asserted that a stay would be prudent because, inter alia, R.C. 2711.13 allows "any party to the arbitration to file a motion to vacate, modify, or correct the award within 90 days of

---

[1] Appellants claimed that California was the proper forum to determine the validity of the arbitration award because the arbitration clause allowed "judicial proceedings to be brought in courts of competent jurisdiction" and that all parties lived or did business in California.

the delivery of the award to the parties," which appellants stated it "fully intend[ed] to do in the event" the court did not stay the action "in favor of the California Petition to Vacate." In the alternative, appellants requested the court continue the December 27, 2018 hearing due in part to the Christmas holiday and the fact that they were in California.

{¶ 10} The court held the hearing as scheduled on December 27, 2018. Appellants appeared by telephone.

{¶ 11} On January 14, 2019, the trial court denied appellants' motion to stay the proceedings or in the alternative, a continuance. On January 15, 2019, the trial court confirmed the arbitration award. It is from this judgment that appellants now appeal.

## II. R.C. 2711.09 and 2711.13

{¶ 12} This case calls upon us to interpret the meaning of two statutes, R.C. 2711.09 and 2711.13. Interpretation of a statute is a question of law. Questions of law require de novo review by this court. *State v. Elkins*, 4th Dist. Hocking No. 07CA1, 2008-Ohio-674, ¶ 12, citing *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330. When reviewing a matter de novo, this court gives no deference to the trial court's decision. *State v. Barclay*, 9th Dist. Summit No. 25646, 2011-Ohio-4770, ¶ 8.

{¶ 13} The Ohio Arbitration Act was designed to significantly limit judicial intervention in the arbitration process and provides the exclusive statutory remedy that parties must use in appealing arbitration awards to the courts of common pleas.

*Galion v. American Fedn. of State, Cty. and Mun. Employees, Local No. 2243*, 71 Ohio St.3d 620, 646 N.E.2d 813 (1995), paragraph two of the syllabus. The jurisdiction of the courts to review arbitration awards is narrow and limited by legislative decree. *Kelm v. Kelm*, 10th Dist. Franklin No. 03AP-472, 2004-Ohio-1004, ¶ 22. Indeed, "once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14)." *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 22.

{¶ 14} R.C. 2711.09 provides:

At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.

{¶ 15} R.C. 2711.13 states:

After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

{¶ 16} The Ohio Supreme Court has not addressed the exact question presented in this case. It has, however, issued decisions that are instructive with respect to the statutory provisions at issue. The Supreme Court has held that R.C. 2711.13 provides a three-month statute of limitations within which a party can file a motion to vacate, modify, or correct an arbitration award. *Galion,* 71 Ohio St.3d at 621, 646 N.E.2d 813. The Supreme Court further explained in *Galion* that "R.C. 2711.10 [vacate] and 2711.11 [modify] clearly establish the circumstances where a party may appeal to the common pleas court to vacate, modify or correct an arbitration award." *Id.* at 622, citing *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Assn. for the Teaching of the Mentally Retarded*, 71 Ohio St.3d 15, 641 N.E.2d 180 (1994).

{¶ 17} The Ohio Supreme Court held in *Galion*:

In our view, the language of R.C. 2711.13 is clear, unmistakable and, above all, mandatory. R.C. 2711.10 specifies when an arbitration award can be vacated, R.C. 2711.11 establishes the circumstances under which the common pleas court may modify or correct an arbitration award, and R.C. 2711.13 states the time frame in which the motion must be made. We are unpersuaded by appellant's argument that the statute of limitations in R.C. 2711.13 does not apply to motions brought under R.C. 2711.10 and 2711.11. If the General Assembly did not intend for the statute of limitations in R.C. 2711.13 to apply, it would have expressly excluded R.C. 2711.10 and 2711.11 from that section.

Thus, in answering the certified issue, we hold that R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C. 2711.10 or 2711.11. If an application is filed after this period, the trial court lacks jurisdiction.

*Id.* at 622.

{¶ 18} The Ohio Supreme Court has also held that "[w]hen a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." *Warren Edn. Assn. v. Warren City Bd. of Ed.*, 18 Ohio St.3d 170, 480 N.E.2d 456 (1985), syllabus. The Supreme Court stated in *Warren* that "R.C. 2711.09 through 2711.14 * * * provide the only procedures for post award attack or support of an arbitration decision." *Id.* at 174.

{¶ 19} Appellants cite to *Schwartz v. Realtispec, Inc.*, 11th Dist. Lake No. 2002-L-098, 2003-Ohio-6579, in support of their argument that an application to confirm an arbitration award cannot be granted before the expiration of the three-month period set forth in R.C. 2711.13. *Schwartz*, however, is not entirely on point. The Eleventh District held in *Schwartz* that the trial court erred by not holding a hearing before confirming the arbitration award. *Id.* at ¶ 12. Although not on point, the Eleventh District explained in *Schwartz*:

> Read together, R.C. 2711.09 and R.C. 2711.13 set forth an intelligible procedural scheme. To wit, R.C. 2711.09 requires a hearing on an application to confirm. As a matter of law, a motion to confirm must be granted unless a timely motion to modify or vacate is made and cause to modify or vacate is demonstrated. A party seeking to modify or vacate an arbitration award has up to three months from the date of the award to file its motion. Therefore, the proper way to approach a situation such as the one sub judice, is to conduct a hearing after an adverse party files a motion to modify or vacate. However, if three months have elapsed since the award and a motion to modify or vacate has not been filed, a court should continue forward with a hearing on the motion to confirm.

*Id.* at ¶ 10.

{¶ 20} After reviewing these cases, we agree with appellants that R.C. 2711.09 read in pari materia with R.C. 2711.13 can only mean that the trial court in this case confirmed the arbitration award prematurely. To hold otherwise would nullify the provisions set forth in R.C. 2711.13, which would also eliminate a party's statutory right to move to vacate, modify or correct an arbitration award set forth in R.C. 2711.10 and 2711.11. "It is a fundamental rule of statutory construction that statutes relating to the same subject matter should be construed together. * * * In construing such statutes in pari materia, they should be harmonized so as to give full application to the statutes.'" *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections*, 72 Ohio St.3d 289, 294, 649 N.E.2d 1205 (1995), citing *State v. Leichty*, 68 Ohio St.3d 37, 623 N.E.2d 48 (1993), and *United Tel. Co. of Ohio v. Limbach*, 71 Ohio St.3d 369, 643 N.E.2d 1129 (1994).

{¶ 21} R.C. 2711.09 and 2711.13 relate to the same subject matter, namely, arbitration awards, and, specifically, whether a trial court should confirm, vacate, modify, or correct them. We simply do not believe that the legislature intended for the winning party in an arbitration case to be able to race to the court to request confirmation before the three-month statute of limitations in R.C. 2711.13 has passed to completely eliminate an opposing party's statutory right to move to vacate, modify, or correct the award — especially when the opposing party appears and states his or her intentions to file such a motion, as appellants did in this case.

{¶ 22} Appellees cite to two Tenth District cases that they contend have definitively decided the issue in this case in their favor: *Amanda Scott Publishing v.*

*Legacy Marketing Group*, 10th Dist. Franklin No. 92AP-233, 1992 Ohio App. LEXIS 4267 (Aug. 11, 1992), and *Goldsmith v. On-Belay, Inc.*, 10th Dist. Franklin No. 90AP-301, 1990 Ohio App. LEXIS 4114 (Sept. 20, 1990). We agree with appellees that these cases stand for the proposition that a trial court can confirm an arbitration award in some situations before the three-month statute of limitations in R.C. 2711.13. *See Amanda Scott* at 3-4, quoting *Goldsmith* ("'It is appellant's contention that this provision [R.C. 2711.13] gives it an absolute period of three months (ninety days) to file an objection to the award regardless of any action taken by appellee to obtain confirmation of the award and that the trial court may not act upon the award within such period. Such, however, is not the law.'") Nonetheless, those situations are not present here, and *Amanda Scott* and *Goldsmith* are easily distinguishable on their facts.

{¶ 23} In *Amanda Scott*, the winning arbitration party moved to confirm the arbitration award within three months of the award being issued. The vice president of the company opposing confirmation appeared at the confirmation hearing and "endeavored to file a response." *Id.* at 1. The Tenth District explained that "a corporation cannot maintain litigation in proprio persona, or appear, in court through an officer of the corporation or an appointed agent not admitted to the practice of law." *Id.* at 2. It therefore determined that the vice president's response was a nullity and did not provide the notice contemplated by R.C. 2711.13. *Id.* at 2-3. Here, however, the proper parties moved to stay the proceedings or, in the alternative, for a continuance. They also appeared at the December 27th hearing

and expressed their explicit intent to file a motion to vacate the arbitration award with the three-month statutory timeframe.

{¶ 24} In *Goldsmith*, the party opposing confirmation of the arbitration award appeared at the confirmation hearing and did not inform the trial court or the opposing party that it intended to file a motion to vacate the arbitration award. The party opposing confirmation then filed a motion to vacate the confirmation of the award at a later point (but within the three-month statutory timeframe). The Tenth District upheld the trial court's denial of that motion, explaining, "Appellant had the opportunity to oppose the application and to make its contentions known to the trial court at the hearing on June 6, 1989. It failed to do so. This resulted in the issuance of a final appealable order confirming the award. This order was not appealed." *Id.* at ¶ 4. Again, in the present case, appellants made it known the trial court and appellees in their motion to stay or continue and at the December 27th hearing that they fully intended to move to vacate the arbitration award.

{¶ 25} Accordingly, we conclude that the trial court erred as a matter of law when it confirmed the arbitration award in this case before the three-month statute of limitations had passed as set forth in R.C. 2711.13. Appellants' first assignment of error is sustained. Appellants' second assignment of error claiming that the trial court should have granted their motion to stay or continue is moot.

{¶ 26} Judgment reversed and remanded. Upon remand, the trial court must give appellants 50 days from the date the case is reactivated on the trial court's docket upon which to file their motion to vacate, modify, or correct the arbitration

award under R.C. 2711.10 or 2711.11 (again, 50 days is the amount of time from the judgment entry of confirmation, January 15, 2018, to the time that appellants would have had to file the motion had the trial court not confirmed the award prematurely, March 6, 2018).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
RAYMOND C. HEADEN, J., CONCUR