KOHUT, APPELLANT, *v.* VANCE ET AL., APPELLEES.

[Cite as Kohut v. Vance (1970), 22 Ohio App. 2d 205.]

(No. 6538—Decided June 24, 1970.)

*Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolfe,* for the motion.

*Messrs. Weick & Genovese* and *Mr. Leland D. Cole,* contra.

HUNSICKER, P. J. A motion to dismiss the within appeal, as filed by the appellees, comes on for hearing on the briefs submitted by the parties, pursuant to Rule III of the Rules of the Courts of Appeals.

On April 9, 1969, a judgment was entered by the Akron Municipal Court against the plaintiff (appellant), Andy Kohut. On April 29, 1969, Andy Kohut filed a notice of appeal from such judgment, on questions of law, to the Court of Common Pleas of Summit County. That case was docketed as case number 276074 in that court, and listed as commenced May 7, 1969.

On September 22, 1969, a motion to dismiss the appeal to the Court of Common Pleas was filed by Dana Vance. The Common Pleas Court, on November 28, 1969, dismissed that appeal on the ground that it had no jurisdiction to entertain the appeal. (See: Section 4 (B), Article IV, Constitution of Ohio, as amended May 7, 1968.) That court also said it could not entertain the appellant Kohut's motion to amend his notice of appeal so as to lodge the appeal in the Court of Appeals. The action in the Court of Common Pleas was, thereupon, dismissed for lack of jurisdiction over the subject matter. No appeal was taken from that order.

Thereafter, on November 20, 1969, a paper designated "Amended Notice of Appeal" was filed in the Akron Municipal Court, which named this court as the court to which an appeal is taken from the judgment entered on April 9, 1969. No leave to amend the notice was given by the appellate court (in such instance, the appellate court being the Court of Common Pleas), and, certainly, this court had

no authority to grant a leave to file an amended notice of appeal.

Section 2505.05, Revised Code, says that:

"The notice of appeal required by Section 2505.04 of the Revised Code shall designate the order, judgment, or decree appealed from and whether the appeal is on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be the same as in the court of origin. *The failure to designate the type of hearing upon appeal is not jurisdictional and the notice of appeal may be amended by the appellate court for good cause shown.*" (Emphasis ours.)

Inasmuch as the Common Pleas Court lacked jurisdiction to entertain an appeal from a Municipal Court after May 7, 1968 (that being the date when the Modern Courts Amendment to the Constitution of Ohio became effective), *Euclid* v. *Heaton,* 15 Ohio St. 2d 65, the previously existing statutory authority to pursue such an appeal, as authorized by Section 1901.30, Revised Code, is void and of no effect.

It is the conclusion of this court that the paper designated "Amended Notice of Appeal," filed more than twenty days after the entry of the judgment, was a nullity and did not confer jurisdiction upon this court.

The appeal herein must be dismissed for lack of jurisdiction to entertain the matter.

Appeal dismissed for want of jurisdiction.

*Appeal dismissed.*

Doyle and Brenneman, JJ., concur.