OPINION
{¶ 1} Defendant, Linda Kogler, appeals from an order of the court of common pleas confirming an arbitrator's award in favor of Plaintiff, CACV of Colorado, LLC ("CACV"), and overruling Kogler's motion to vacate the award.
 {¶ 2} On March 7, 2005, CACV filed an application asking the court to affirm an award in its favor and against Kogler in the amount of $16,915.91 that an arbitrator had made on June 25, 2004.
 {¶ 3} On July 26, 2005, Kogler filed objections to the arbitrator's award. Kogler contended that (1) there was no proof that she had agreed to arbitration and (2) that it was unconscionable to require her to arbitrate in Minnesota, where the arbitration allegedly took place.
 {¶ 4} On September 20, 2005, the court overruled Kogler's objections on a finding that they were not timely filed. Finding no fraud, corruption, misconduct, arbitration impropriety or mistake evident on the face of the arbitrator's award, the court confirmed the award. Kogler filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED BY CONFIRMING THE JUNE 25, 2004 ARBITRATION AWARD."
 {¶ 6} Kogler presents three arguments in support of the error she assigns. First, Kogler argues that there is no evidence that she was served with a demand to arbitrate and/or had notice of the arbitration proceedings against her. She also argues that she could not be required to file her objections within the time that R.C. 2711.13 requires as there is no evidence that she knew of the award until she was served with CACV's application to confirm the award.
 {¶ 7} The motion to vacate that Kogler filed makes no mention of her claims on appeal that she lacked notice of the arbitration. Therefore, any error in that regard is waived and may not be assigned as error on appeal. State ex rel. QuartoMining Co. v. Foreman, 79 Ohio St.3d 78, 1997-Ohio-71; Cooperv. Dayton (1997), 120 Ohio App.3d 34.
 {¶ 8} R.C. 2711.10 authorizes the court to vacate an arbitrator's award. R.C. 2711.13 provides that notice of a motion filed pursuant to R.C. 2711.10 "must be served on an adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of a motion in an action."
 {¶ 9} Civ.R. 5(A) provides that service of motions shall be made upon each of the parties in an action. Civ.R. 5(B) provides that "[s]ervice upon the . . . party shall be made by delivering a copy to the person to be served," and that the served copy shall be accompanied by the proof of service required by Civ.R. 5(D), which states that "[t]he proof of service shall state the date and manner of service and shall be signed in accordance with Civ.R. 11." Civ.R. 11 requires signature by a represented party's attorney.
 {¶ 10} The copy of the arbitrator's award that CACV filed with its application bears a certificate of service stating that it "was sent by first class mail postage prepaid to the parties at the above-referenced addresses on this date," that date being June 25, 2004. The objections to the arbitrator's award that Kogler filed bears a certificate of service by her attorney stating that a copy of the objections was served on CACV's attorney "this 26th day of July, 2005, by regular U.S. mail, postage prepaid."
 {¶ 11} Inasmuch as more than the three months allowed by R.C.2711.13 had passed since the arbitrator's award was served on Kogler on June 25, 2004, when she served notice of her motion to vacate the award on CACV's attorney on July 26, 2005, the trial court did not err when it overruled Kogler's objections as untimely. Further, the proof of service on the arbitrator's award is, contrary to Kogler's argument, evidence that she knew of the award before CACV filed its application, and within the time required by R.C. 2711.13 to file her motion to vacate.
 {¶ 12} Kogler's second argument on appeal is that there is no evidence that she assented to arbitration. That is a matter to be resolved in an arbitration, unless a motion to arbitrate in lieu of a civil action is filed. See R.C. 2711.03. Here, there was no prior civil action, and the arbitrator's found that the parties had entered into a binding arbitration agreement. (Award, finding 2). Further, the copy of the written agreement between the parties that CACV filed contains a provision requiring arbitration. Kogler's argument lacks merit.
 {¶ 13} Kogler's third argument is that there is no evidence that the arbitration took place in the Southern District of Ohio. The arbitration agreement provides: "Any arbitration hearing at which you appear will take place within the federal judicial district that includes your billing address at the time the claim is filed." Kogler's address at that time was in Dayton, Ohio, which is within the area served by the United States District Court for the Southern District of Ohio.
 {¶ 14} It is unclear from the arbitrator's written award whether Kogler appeared at the arbitration proceeding, or asked to. Concerning the location of those proceedings, the award merely states: "Entered in the State of Ohio." That assertion does not exclude the possibility that the arbitration proceeding took place instead in the area served by the United States District Court for the Northern District of Ohio.
 {¶ 15} If the arbitration proceedings took place outside the Southern Judicial District of Ohio, that could have been a basis to vacate the award pursuant to R.C. 2711.10(D), on a finding that the arbitrator exceeded her powers. However, Kogler made no mention of that contention in the objections she filed, and therefore, even had those objections been timely, any defect in that regard is waived for purposes of the error she assigns on appeal. Had Kogler so objected, and done so timely, it would have been her burden to show that the locus provision of the agreement was violated. Her bare contention that the evidence fails to show compliance would have been insufficient to the burden of proof that R.C. 2711.10 imposes on the party filing the objection.
 {¶ 16} Kogler's assignment of error is overruled. The judgment of the trial court will therefore be affirmed. However, the case will be remanded to the trial court pursuant to App.R. 27 for the limited purpose of filing the judgment of September 20, 2005, from which this appeal was taken, in that court's Case No. 2005 CV 01722, in which CACV's application was filed, nunc pro tunc. It appears that, due to an erroneous caption, the judgment was instead filed in Case No. 2004 CV 07704, an earlier proceeding that was commenced by CACV which the court had dismissed without prejudice.
Wolff, J. and Donovan, J., concur.