CITIBANK SOUTH DAKOTA, N.A., Appellee,

v.

WOOD, Appellant.

[Cite as *Citibank S. Dakota, N.A. v. Wood,* 169 Ohio App.3d 269, 2006-Ohio-5755.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2005–CA–120.

Decided Oct. 27, 2006.

Melissa Hager, and James Y. Oh, for appellee.

Robert C. Wood, pro se.

BROGAN, Judge.

{¶ 1} This case involves the propriety of a trial court decision that granted a motion to vacate an arbitration award. On March 22, 2005, BlueRidge Arbitration ("BlueRidge") issued a decision finding that Robert C. Wood had settled in full an account with Citibank South Dakota, N.A. ("Citibank"). The arbitration decision ordered Citibank to dismiss any pending legal action against Wood and to set aside any judgments it may have obtained regarding Wood's account. Subsequently, on July 7, 2005, Citibank filed a motion in the Clark County Common Pleas Court, asking that the arbitration award be vacated. Citibank served Wood with this motion on July 9, 2005. Wood then filed a pro se answer and counterclaim on August 5, 2005, requesting confirmation of the arbitration award.

{¶ 2} On September 7, 2005, the trial court dismissed Wood's counterclaim, without explanation, overruled the rest of Wood's pending motions, and granted Citibank's motion for a protective order. At that time, the court set a hearing date of September 30, 2005, on the motion to vacate the arbitration award. On September 21, 2005, Wood filed a motion for continuance in which he explained that he had not been served with any documents that Citibank had filed. Despite this, the trial court overruled the motion for continuance and proceeded with the hearing on September 30, 2005.

{¶ 3} On the day of the hearing, both Citibank and Wood appeared. The trial court did not take evidence from any witnesses, nor did it admit any exhibits. Instead, the court listened to unsworn statements from Wood and from the attorney for Citibank. At the end of the hearing, the court announced that it would grant the motion to vacate. The court's first finding was that Citibank had timely filed the motion to vacate. The court also found that the parties' original

contract specified three arbitration forums, and that BlueRidge was not included. Therefore, the court vacated the arbitration award.

{¶ 4} Wood timely appealed, and raises 12 assignments of error. We will not list each assignment of error separately at this point, but will refer to each, as appropriate, during our discussion. After considering the record and assignments of error, we find that the trial court committed various procedural errors that require reversal of the judgment and a remand for further proceedings.

I

{¶ 5} In the first assignment of error, Wood contends that "[t]he trial court erred to the favor of the Appellee in consistently ruling that the Appellee did not have to follow Rule 5(D) and serve Appellant." We agree with Wood on this point.

{¶ 6} Under Civ.R. 5(D), parties must file with the court all papers that they have served, within three days of service. These papers must include proof of service, indicating the date and manner of service. Civ.R. 5(A) also says:

{¶ 7} "Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties."

{¶ 8} As to the method of service, Civ.R. 5(B) states:

{¶ 9} "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to the person to be served transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served, or, if no address is known, leaving it with the clerk of the court. The served copy shall be accompanied by a completed copy of the proof of service required by division (D) of this rule. 'Delivering a copy' within this rule means: handing it to the attorney or party; leaving it at the office of the person to be served with a clerk or other person in charge; if there is no one in charge, leaving it in a conspicuous place in the office; or, if the office is closed or the person to be served has no office, leaving it at the dwelling house or usual place of abode of the person to be served with some person of suitable age and discretion then residing in the dwelling house or usual place of abode. Service by

mail is complete upon mailing. Service by facsimile transmission is complete upon transmission."

{¶ 10} As we mentioned, Citibank's motion to vacate was served upon Wood by certified mail on July 9, 2005, and Wood filed a pro se answer and counterclaim on August 5, 2005. However, at no time did any attorney file a notice of appearance for Wood in this action. Despite this fact, Citibank served various documents on Paul Mason, who was described in Citibank's proof of service as "attorney for Defendant." For example, on August 18, 2005, Citibank filed a motion to strike Wood's answer, a motion to dismiss Wood's counterclaim, a motion for a protective order, and a response to various motions that Wood had filed. All these documents were sent to an attorney (Mason)—not to Wood.

{¶ 11} Subsequently, on September 2, 2005, Wood filed a motion to strike and a motion for sanctions. In the motion, Wood explained that he had been at the courthouse on September 1, 2005, and had obtained a copy of the docket sheet. Wood stated that he was stunned when he found out that Citibank had filed four motions and had not sent him copies. Wood also said that when he asked to see the court file, he was told that he would not be able to see the file for several more days because the file was checked out. In his motion of September 2, 2005, Wood asked the court to strike Citibank's motions and to require Citibank's attorney to resubmit the motions and prove proper service on Wood. Wood also requested sanctions against Citibank's attorney, based on the attorney's failure to comply with rules of service.

{¶ 12} On September 7, 2005, the trial court dismissed Wood's counterclaim, without explanation. The court also granted Citibank's motion for a protective order, and set a hearing on the motion to vacate for September 30, 2005.

{¶ 13} On September 21, 2005, Wood filed another document with the court, indicating that he had finally obtained copies of Citibank's filings on September 8, 2005, through his own effort, not from Citibank's attorney. Wood asked for an extension of time to answer Citibank's motions and for a 30-day extension of the hearing date so that he could prepare for the hearing. Wood also objected to the dismissal of his counterclaim and asked for an explanation of why it had been dismissed.

{¶ 14} Citibank's attorney responded to these matters on September 26, 2005. Citibank's attorney claimed she had been serving an attorney who had apparently represented Wood in a prior action between Wood and Citibank in Clark County Municipal Court. Citibank's attorney alleged that the present action was a "direct result" of the municipal court case and that she was required to serve Wood's attorney "of record" until she was otherwise notified by the Clark County Municipal Court. Finally, Citibank's attorney stated that she would be willing to serve Wood with pleadings if the Common Pleas Court so ordered and that she

did not object to Wood's having additional response time. Ironically, this response was also sent to Wood's former attorney, not to Wood.

{¶ 15} On September 28, 2005, the trial court overruled Wood's motion for continuance and also overruled all other pending motions that Wood had filed. The court did not give any reasons for these rulings.

{¶ 16} At the hearing that was held on September 30, 2005, Wood again objected to the fact that he had not been served with any documents after he received the motion to vacate. Counsel for Citibank again said that she had been sending documents to the attorney who had represented Wood in the prior municipal court case. The trial court commented that the failure to serve documents was irrelevant because the court had overruled the most recent series of motions from Wood before Citibank had responded. The court then proceeded with the hearing.

{¶ 17} As a preliminary point, we note that Citibank's failure to serve Wood with copies of pleadings was an obvious violation of the Civil Rules. In 1985, the Ohio Supreme Court held that "[f]or purposes of Civ.R. 5(B), in order that service be effective on a party by serving that party's attorney, the attorney must be an attorney of record in the trial court." *Ervin v. Patrons Mut. Ins. Co.* (1985), 20 Ohio St.3d 8, 20 OBR 80, 484 N.E.2d 695, syllabus. " 'An attorney becomes an attorney of record in the particular proceedings by his subscription of a pleading or paper served and filed in that action.' " *Verber v. Wilson* (June 5, 1997), Franklin App. No. 96APF09–1255, 1997 WL 304403, *5, quoting McCormac, Ohio Civil Rules Practice (2d Ed.1992) 137, Section 6.07.

{¶ 18} Contrary to Citibank's claim, an attorney is not an attorney of record simply because he or she previously represented one of the parties in another trial court action. This is true even when the prior representation or prior court action involved the same parties. Until such time as an attorney enters an appearance in the specific case being tried, Civ.R. 5 requires pleadings to be served on the party who is suing or is being sued.

{¶ 19} Obviously, the complaint or initial pleading is served on the defendant, as happened in the present case. Typically, an attorney files an answer on a defendant's behalf, and further documents in the case are then served on the attorney. However, if a party chooses not to be represented by an attorney, Civ.R. 5 requires pleadings and motions to be served directly on the adverse party.

{¶ 20} Citibank was also incorrect when it asserted that the present action was a "direct result" of the municipal court action. The motion to vacate the arbitration award arose directly from the arbitration award that BlueRidge

issued on May 22, 2005. It did not directly result from the action in municipal court, whatever that action might have been.

{¶ 21} The only direct result of a prior municipal court action would have been an appeal by the aggrieved party to the court of appeals for the district in which the municipal court was located. If either Citibank or Wood had appealed from the municipal court action, the proper place to appeal would have been the court of appeals, not the common pleas court. See R.C. 1901.30. See, also, *Kohut v. Vance* (1970), 22 Ohio App.2d 205, 207, 51 O.O.2d 403, 260 N.E.2d 615 (noting that common pleas courts have lacked jurisdiction over appeals from municipal courts since 1968, when the Modern Courts Amendment to the Ohio Constitution became effective).

{¶ 22} Accordingly, Citibank should have served Wood directly with any pleadings and motions that were filed after the motion to vacate was served on Wood. This error was not irrelevant, as the trial court suggested. Instead, the error was significant, since the trial court granted Citibank's motion to dismiss Wood's counterclaim before Wood even was aware of the motion's content or had an opportunity to respond to the motion. Rather than overruling Wood's motions, the trial court should have required Citibank to serve Wood, and should have given Wood an opportunity to respond to Citibank's motion to dismiss.

{¶ 23} Based on the preceding discussion, the first assignment of error has merit and is sustained.

## II

{¶ 24} For purposes of convenience, we will address the fourth, fifth, and sixth assignments of error next, because they also deal with alleged procedural errors that occurred in the trial court. In the fourth assignment of error, Wood contends that the trial court erred in refusing to dismiss Citibank's motion to vacate. In the fifth and sixth assignments of error, Wood claims that the trial court also erred by presuming facts not in evidence. Among other things, Wood points out that the court failed to require Citibank to offer witnesses or authenticated documents to establish its claim. After reviewing the record, we find that these assignments of error have merit.

{¶ 25} After an arbitration award, any party to the arbitration may file a motion in common pleas court for an order vacating, modifying, or correcting the award. R.C. 2711.13. This statute provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." Id. Notably, if the motion to vacate is not filed within the three month period, the

trial court lacks jurisdiction over the action. *Galion v. Am. Fedn. of State, Cty. & Mun. Emps., Ohio Council 8, AFL–CIO, Local 2243* (1995), 71 Ohio St.3d 620, 622, 646 N.E.2d 813.

{¶ 26} To decide when an arbitration decision has been delivered for purposes of R.C. 2711.13, courts use the postmark date, not the date the decision was actually received. *Girard v. AFSCME Ohio Council 8, Local Union,* Trumbull App. No. 2003–T–0098, 2004-Ohio-7230, 2004 WL 3090189, ¶ 14–16. Furthermore, courts do not use the "three day rule" in Civ.R. 6(E), and add time that a document is in the mail. Id. at ¶ 17. This strict approach is due to the fact that the time period specified in R.C. 2711.13 is considered jurisdictional. Id. Notably, R.C. 2711.13 also specifies that the adverse party must be served with the motion to vacate within the three-month period. In the present case, the trial court concluded, based on unsworn statements by Citibank's attorney and on a complete lack of evidentiary materials or testimony, that Citibank's motion to vacate was timely filed. This was erroneous for two reasons: (1) the court improperly relied on the statement of Citibank's attorney about her "notes," which indicated that Citibank received the award around the middle of April 2005 and (2) the court improperly relied on the date Citibank allegedly received the award. As we said, the date of receipt is irrelevant—the appropriate consideration is when the award was mailed.

{¶ 27} The arbitration award attached to Citibank's motion to vacate states that BlueRidge issued the award on March 22, 2005. A certification on the award also indicates that BlueRidge mailed a copy of the award by first-class postage to Citibank on April 4, 2005. Therefore, absent proof that the award was postmarked or mailed later, Citibank would have been required to file its motion to vacate by July 4, 2005, and would also have been required to serve Wood with the motion by July 4, 2005.

{¶ 28} The current record indicates that Citibank's motion to vacate was filed on July 7, 2005, and was not served on Wood until July 9, 2005. As a result, Citibank's motion appears untimely on its face. However, because the record is incomplete and because the trial court applied an improper method of analysis, we will remand this matter to allow Citibank and Wood to present evidence on the date of mailing or the postmark date. In this regard, we note that in *MBNA Am. Bank, N.A. v. Everett,* Franklin App. No. 04–AP–819, 2005-Ohio-988, 2005 WL 534898, the Tenth District Court of Appeals relied on a certification date on an arbitration award as the date the award was sent by first-class mail. Id. at ¶ 9. Similarly, in *Fraternal Order of Police v. Perry Cty. Commrs.,* Perry App. No. 02–CA–14, 2003-Ohio-4038, the Sixth District Court of Appeals relied on the postmark date on an envelope to determine the delivery date of an award. Id. at ¶ 17. Therefore, the date of delivery could be established by properly submitted

proof of either the postmark date on an envelope or the date the arbitration forum certified that it mailed the award.

{¶ 29} What this means for purposes of the present case is that Citibank may be successful in invoking the trial court's jurisdiction if Citibank has a copy of the postmarked envelope for the arbitration award or can establish by other evidence that the award was mailed on a date later than the date reflected on the award. However, the evidence would have to prove that the award was mailed to Citibank on or after April 9, 2005, since July 9, 2005, was the date Wood was served with the motion to vacate.[1]

{¶ 30} In this regard, we note that Citibank is evidently under the impression that it may have complied with R.C. 2711.13 by filing a motion to vacate in courts that do not have jurisdiction over arbitration awards. While Citibank did not present any evidence in the trial court about previous filings, the trial court pleadings indicate that Citibank filed a motion to vacate in municipal court, and also in an appellate court, before finally filing in the proper forum.

{¶ 31} R.C. 2711.13 clearly and unambiguously gives common pleas courts exclusive jurisdiction over arbitration awards, and municipal courts do not have jurisdiction to review awards. *Johnson v. Thom Builders,* Erie App. No. E–02–020, 2003-Ohio-572, 2003 WL 257403, at ¶ 10. Courts of appeals would also not have jurisdiction to review arbitration awards. Consequently, even if Citibank had filed in courts other than the common pleas court, these filings were ineffective and did not satisfy the requirement in R.C. 2711.13 that a motion to vacate be filed in the *common pleas court* within three months of delivery of the arbitration award. *Galion,* 71 Ohio St.3d at 622, 646 N.E.2d 813.

{¶ 32} We also note that even if Citibank establishes jurisdiction, Citibank failed to present *evidence* in the trial court to justify vacating the arbitration award. In this regard, Citibank's attorney claimed, *again without proof,* that its contract with Wood did not specify BlueRidge as a proper arbitration forum. However, no copy of the contract is in the record. In addition, no witnesses identified or verified any documents that were, in fact, attached to the motion to vacate. We have previously noted that bare contentions are insuffi-

---

1. We should stress that Wood is required to present some extrinsic evidence of the date that the award was mailed, since the statement on the face of the award was not made under oath. As we have stressed, the court must be presented with legally admissible evidence, not unauthenticated documents. Compare *Geroc v. Ohio Veterinary Med. Bd.* (1987), 37 Ohio App.3d 192, 196, 525 N.E.2d 501 (requiring an affidavit from an employee of the veterinary board, identifying the certificate of mailing as one that accompanied the veterinary board's order). We should also point out that this is not a situation in which a recipient claims to have received no notice, as Citibank acknowledges that it did receive the arbitration award in April 2005.

cient to satisfy the burden of proof that R.C. 2711.10 imposes on parties filing objections to arbitration awards. *CACV of Colorado, L.L.C. v. Kogler,* Montgomery App. No. 21329, 2006-Ohio-5124, ¶ 15.

{¶ 33} Citibank's motion to vacate was filed pursuant to R.C. 2711.10(D), which states that the common pleas court shall vacate an award when "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." The Ohio Supreme Court has held that a reviewing court will vacate or modify an award, "only when the arbitrator has overstepped the bounds of his or her authority." *Bd. of Trustees of Miami Twp. v. Fraternal Order of Police* (1998), 81 Ohio St.3d 269, 273, 690 N.E.2d 1262. The language in R.C. 2711.10(D) "reflects the General Assembly's concern that arbitrators operate only within the bounds of the authority granted them within [the] underlying agreement." *City of Huber Hts. v. Am. Fedn. of State, Cty. and Mun. Emp., Ohio Council 8, Local 101* (Feb. 10, 1995), Montgomery App. No. 14762, 1995 WL 51091, 1995 WL 51091, *2.

{¶ 34} "The question of whether an arbitrator has exceeded the powers granted in the contract between the parties is analogous to the question of whether a trial court has exceeded its jurisdictional powers. Mere error of law or fact is not an abuse of a trial court's jurisdictional power, no matter how egregious. Similarly, 'even a grossly erroneous decision [of an arbitrator] is binding in the absence of fraud.' *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 522[, 330 N.E.2d 703]. In determining whether an arbitrator has jurisdiction to determine an issue, one must look to the provision in the contract that authorizes the arbitration; the arbitrator's authority is derived solely from the contract. The arbitrator does not have the power to decide issues that the parties have not, by their contract, submitted to arbitration." *Rathweg Ins. Assoc., Inc. v. First Ins. Agency Corp.* (Aug. 18, 1992), Montgomery App. No. 13184, 1992 WL 206764, *2.

{¶ 35} In the present case, the trial court found that BlueRidge overstepped the bounds of its authority because the contract between Citibank and Wood did not include BlueRidge as a possible arbitration forum. As we said, the contract in question is not part of the record. In view of Citibank's failure to present any *evidence* to the trial court, the court's decision was clearly erroneous. Based on the preceding discussion, the fourth, fifth, and sixth assignments of error have merit and are sustained. This judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

### III

{¶ 36} In the seventh assignment of error, Wood claims that the trial court erroneously allowed Citibank to violate R.C. 2711.14, which requires parties to attach various documents to a motion to vacate, including the arbitration agreement, the award, and other documents pertinent to the award. Although Citibank did include the arbitration award with its motion, it did not provide the court with other relevant documents.

{¶ 37} The requirements in R.C. 2711.14 are not jurisdictional, but the listed documents must be in the record before the trial court renders its decision. *NCO Portfolio Mgt., Inc. v. McAfee,* 164 Ohio App.3d 747, 749, 2005-Ohio-6743, 843 N.E.2d 1259, ¶ 5, citing *Cleveland Police Patrolmen's Assn. v. Cleveland* (1994), 99 Ohio App.3d 63, 68, 649 N.E.2d 1291. Because the trial court issued its decision without the benefit of all pertinent documents, the seventh assignment of error also has merit and is sustained.

### IV

{¶ 38} The eighth, ninth, and tenth assignments of error deal with the trial court's dismissal of Wood's counterclaim. As we mentioned, Wood filed an answer and counterclaim on August 5, 2005, asking the court to confirm the arbitration award that had been issued in Wood's favor. With regard to confirmation, R.C. 2711.09 provides:

{¶ 39} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code."

{¶ 40} Wood's request for confirmation of the award was filed well within the one-year time frame specified in the statute. Shortly after the counterclaim for confirmation was filed, Citibank filed a motion to dismiss the counterclaim. Citibank's motion was based on the alleged contract between Wood and Citibank—which, again, was not provided to the court. The trial court granted the motion to dismiss without indicating the reason for its ruling. The dismissal occurred before the hearing, and even before Wood was able to obtain a copy of Citibank's motion to dismiss.

{¶ 41} The following is well established in the law:

{¶ 42} "When a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate

▆▆▆▆▆▆▆▆▆▆▆▆▆

is shown." *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 18 OBR 225, 480 N.E.2d 456, syllabus.

{¶ 43} In *Warren,* the Ohio Supreme Court stressed that the "jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited." 18 Ohio St.3d at 173, 18 OBR 225, 480 N.E.2d 456.

{¶ 44} Consequently, a common pleas court "does not have discretion under R.C. 2711.09 to deny a party's application for an order confirming an arbitration award, except when the award is vacated, modified, or corrected. Nor does a court have discretion under R.C. 2711.09 or 2711.12 to refuse to enter judgment in conformity with the order. The language of R.C. 2711.09 is mandatory, providing that a court 'shall' grant a requested order confirming an arbitration award." *Woods v. Farmers Ins. of Columbus, Inc.* (1995), 106 Ohio App.3d 389, 391–392, 666 N.E.2d 283.

{¶ 45} In *State ex rel. R.W. Sidley, Inc. v. Crawford,* 100 Ohio St.3d 113, 117, 2003-Ohio-5101, 796 N.E.2d 929, the Ohio Supreme Court again stressed this point, noting that "[a] court has no discretion under R.C. 2711.09 and 2711.12 when the arbitration award is not vacated, modified, or corrected." Id. at ¶ 22.

{¶ 46} We have already discussed the procedural errors in this case at some length. In addition to the errors we have outlined, the trial court erred by dismissing the counterclaim before the hearing. Once the motion to confirm was filed, the court's only choices were to confirm the award or to vacate it upon a finding under R.C. 2711.10(D) that the arbitrator had exceeded his authority. The court could not possibly have made this choice before hearing evidence on the matter. As a result, the court clearly erred by granting a motion to dismiss the counterclaim prior to the hearing.

{¶ 47} From the pleadings (and not from *evidence,* because none was presented), we glean the following points: (1) Citibank claims that it entered into a credit-card agreement with Wood, pursuant to which Wood agreed to arbitrate with one of three arbitration organizations, which did not include BlueRidge, (2) Wood subsequently became indebted to Citibank for more than $7,000, (3) Wood contends that the indebtedness was disputed and that he tendered a payment of $10 to Citibank, along with documents indicating that the payment was an accord and satisfaction of the debt, (4) Wood claims that Citibank accepted the accord and satisfaction, which included an agreement to arbitrate before BlueRidge Arbitration, (5) notice of arbitration was given to Citibank, but Citibank did not enter an appearance at arbitration, and (6) BlueRidge entered a finding that Wood owed nothing to Citibank.

{¶ 48} Based on the above claims, Citibank's position is that it did not agree to arbitrate with BlueRidge and that the arbitration decision exceeded the authority

of the arbitrators. Wood's position is that there was a valid accord and satisfaction and that the arbitration decision must be confirmed.

{¶ 49} "Although the law favors and encourages arbitration, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit to arbitration. * * * The scope of an arbitration clause, that is whether a controversy is arbitrable under the provisions of a contract, is a question for the court to decide upon examination of the contract. * * * Moreover, where the existence of the contract containing the arbitration clause is at issue, a question of fact arises which is subject to trial as requested by the parties." *Divine Constr. Co. v. Ohio–American Water Co.* (1991), 75 Ohio App.3d 311, 316, 599 N.E.2d 388.

{¶ 50} Assuming for the sake of argument that jurisdiction exists over the motion to vacate, the court may consider the merits of the motion and shall consider whether a contract for arbitration exists. This would include considering the arguments that Wood has made. However, if the evidence indicates that Citibank's motion to vacate was untimely, the trial court will have no choice but to confirm the arbitration award. See *Maumee & Western RR. Corp. v. Indiana & Ohio Ry. Co.*, Henry App. No. 7–03–05, 2004-Ohio-2360, 2004 WL 1049172, ¶ 13.

{¶ 51} In *Maumee,* a railroad claimed that it was not a party to an arbitration agreement and that the arbitration decision awarded against it could not be enforced. However, the railroad did not file a timely motion to vacate the arbitration. As a result, the Fourth District Court of Appeals held that the trial court had no option other than to confirm the arbitration award. Id. See, also, *Thomas v. Franklin Cty. Sheriff's Office* (1998), 130 Ohio App.3d 153, 157, 719 N.E.2d 977 (holding that the trial court was required to confirm an arbitration award, when a motion to vacate was not timely filed).

{¶ 52} Based on the preceding discussion, the eighth, ninth, and tenth assignments of error have merit and are sustained.

## V

{¶ 53} In the 11th assignment of error, Wood claims that the trial court erred in refusing to allow Wood to add his wife as a party. The trial court did not give a reason for rejecting the request. By the same token, Wood did not give the trial court any reason to add Wood's wife as a party.

{¶ 54} Under Civ.R. 13(H), parties who are not parties to an original action may be made parties to a counterclaim or cross-claim under Civ.R. 19, 19.1, and 20. These Rules of Civil Procedure govern compulsory and permissive joinder and joinder of persons needed for just adjudication. After reviewing the limited record that exists, we find no error in the trial court's decision. Mrs. Wood was not listed as a party to the arbitration decision, and we see no reason why she

should be made a party to the action being brought to vacate the arbitration decision.  Accordingly, the 11th assignment of error has no merit, and is overruled.

## VI

{¶ 55} In the 12th assignment of error, Wood claims that the trial court failed to take "judicial notice."  In this regard, Wood states that he informed the trial court about alleged fraudulent documents that Citibank's attorney filed in municipal court.  Because we are reversing the judgment and remanding the cause, we will not address this assignment of error.  If the trial court has jurisdiction over the motion to vacate, the trial court may consider any pertinent, admissible evidence that is offered by either side.  However, we are not going to issue preliminary evidentiary rulings on matters that have not yet been tried.

{¶ 56} Based on the preceding discussion, the 12th assignment of error is overruled.

## VII

{¶ 57} We turn now to the second and third assignments of error, which relate to the trial court's alleged duty to provide pro se litigants with instructions and explanations of why the court makes certain rulings.  For example, Wood contends that the trial court should have given him curative instructions on how to refile papers, and should have responded to Wood's objections at the hearing, rather than simply noting the objections.  In Ohio, a pro se litigant "is presumed to have knowledge of the law and of correct legal procedure and is held to the same standard as all other litigants." *Kilroy v. B.H. Lakeshore Co.* (1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171.  A pro se litigant "cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter."  Id.

{¶ 58} Pro se litigants are not accorded greater rights than parties who retain counsel, and the trial court " 'does not have the duty of assisting a *pro se* litigant in the practice of law.  It is not the trial court's job to clean up deficient pleadings.' "  *Sonoga v. Trumbull Cty. Child Support Enforcement Agency,* Trumbull App. No. 2004–T–0115, 2005-Ohio-3615, 2005 WL 1663939, ¶ 10, quoting *McGrath v. Mgt. & Training Corp.* (Dec. 14, 2001), 11th Dist. No. 2001–A–0014, 2001 WL 1602740.

{¶ 59} In view of these general concepts, the trial court did not err in failing to instruct Wood on the revision of pleadings, nor did the trial court err by simply noting Wood's objections at the hearing.  Trial courts frequently tell attorneys that an objection is noted for the record, and do not explain the reason for a

particular ruling during trial. Often the reason is apparent from the context. Because the trial court did not err in this regard, the second and third assignments of error are overruled.

{¶ 60} Based on the preceding discussion, the first, fourth, fifth, sixth, seventh, eighth, ninth, and tenth assignments of error are sustained. The second, third, 11th, and 12th assignments of error are overruled. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

WOLFF and FAIN, JJ., concur.