DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the City of Cuyahoga Falls, appeals the judgment of the Summit County Court of Common Pleas that dismissed its petition to vacate or modify an arbitration award as untimely. We affirm.
 {¶ 2} On September 22, 2006, labor arbitrator Ronald Talarico issued an arbitration award sustaining a disciplinary grievance filed by the Fraternal Order of Police, Ohio Labor Council, Inc., on behalf of Dan Quior, a Cuyahoga Falls police officer. A copy of the award filed with the trial court bears a stamp indicating that it was received by the City on September 27, 2006, but there is no *Page 2 
further evidence in the record with regard to when the award was sent to the parties or by what means it was delivered.
 {¶ 3} The City filed a petition to vacate or modify the arbitration award, pursuant to R.C. 2711.10 and R.C. 2711.11, on December 15, 2006. The caption contained a notation that instructions for service were included therein. Those instructions stated, "Please serve upon Respondents a copy of the foregoing Petition via certified mail service." Summons did not issue, however, until December 27, 2006. As the trial court noted, "the Complaint was not actually served on Respondents by certified mail until December 30, 2006, and January 3, 2007, respectively." On February 27, 2007, the FOP filed an answer and cross-application to confirm the arbitration award pursuant to R.C.2711.09.
 {¶ 4} On August 6, 2007, the trial court confirmed the arbitration award after concluding that the City did not comply with the jurisdictional timelines set forth in R.C. 2711.13. This appeal followed.
 ASSIGNMENT OF ERROR "The common pleas court erred in holding that the City of Cuyahoga Falls did not timely file and serve its motion to vacate the arbitration award thereby depriving the court of jurisdiction to consider the City's motion."
 {¶ 5} The City maintains that the trial court incorrectly interpreted the timelines set forth in R.C. 2711.13 and, in doing so, miscalculated the date by which the City's application was required to be filed.
 {¶ 6} R.C. 2711.13 provides: *Page 3 
 "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award."
The statute creates a statute of limitations for motions to vacate or modify arbitration awards that is mandatory and jurisdictional.Galion v. Am. Fedn. of State, Cty. and Mun. Employees, Ohio Council 8,AFL-CIO, Local No. 2243 (1995), 71 Ohio St.3d 620, 622. "R.C. 2711.13
provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award * * *. If an application is filed after this period, the trial court lacks jurisdiction." Id.
 {¶ 7} The determination of this matter — as the trial court concluded and the parties agree — depends on the interpretation of the City's responsibility to serve notice of its motion "within three monthsafter the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." (Emphasis added.) R.C. 2711.13. The City urges this court to conclude that an award is delivered when it is actually received by the parties. The FOP, on the other hand, advocates the position adopted by the trial court: that an award is delivered when it is issued by the arbitrator. On the facts of this case, however, the City's application was untimely served no matter which date is considered the date of delivery *Page 4 
 {¶ 8} The City filed its application on December 15, 2006, and the City argues that by filing the application in the trial court with instructions for service, the City timely served the application as of that date. In the alternative, the City maintains that service was timely made on December 27, 2007, when the docket reflects that summons issued. At a most basic level, however, neither the FOP nor Officer Quior had notice of the application as of December 27, 2007 — the latest possible three-month mark in this case, and a date twelve days after the application was filed.
 {¶ 9} An application to vacate or modify an arbitration award must be served "as prescribed by law for service of notice of a motion in an action." (Emphasis added.) R.C. 2711.13. Consequently, an application filed under R.C. 2711.13 does not require that the clerk of courts issue summons and perfect service. Instead, service must be perfected by service on the attorneys for the respective parties prior to filing the application, as explained by Civ.R. 5(D):
 "All papers, after the complaint, required to be served upon a party shall be filed with the court within three days after service, * * *. Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and manner of service and shall be signed in accordance with Civ. R. 11."
See, e.g., CitiBank S. Dakota, N.A. v. Wood, 169 Ohio App.3d 269,2006-Ohio-5755, at ¶ 8-9; CACV of Colorado, L.L.C. v. Kogler, 2d Dist. No. 021329, 2006-Ohio-5124, at ¶ 8-9 (both applying the requirements of Civ.R. 5 to applications filed under R.C. 2711.13.). The emphasis of the service requirement of R.C. *Page 5 2711.13, when read in pari materia with Civ.R. 5, is notice to the party who prevailed at arbitration.
 {¶ 10} Neither the FOP nor Officer Quior received service — and, therefore, notice — until more than two weeks after the City filed its application and several days beyond expiration of the three-month requirement of R.C. 2711.13. Because the City did not serve its application in accordance with R.C. 2711.13, the trial court lacked jurisdiction to vacate or modify the arbitration award. The City's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 6 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 MOORE, J. DICKINSON, J. CONCUR *Page 1