[Cite as *In re Adoption of B.A.S.*, 2011-Ohio-4180.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

IN THE MATTER OF:

    THE PROPOSED ADOPTION
    OF B.A.S.

[TAMMY LAWSON - APPELLANT].

CASE NO. 17-11-01


**O P I N I O N**


**Appeal from Shelby County Common Pleas Court
Probate Division
Trial Court No. 2010-ADP-00008**

**Judgment Affirmed**

**Date of Decision: August 22, 2011**


**APPEARANCES:**

    *Cheryl L. Collins* **for Appellant**

    *Timothy S. Sell* **for Appellee**


**WILLAMOWSKI, J.**

{¶1} Respondent-appellant Tammy L. brings this appeal from the judgment of the Court of Common Pleas of Shelby County, Probate Division, finding that her consent was not necessary in the adoption of B.A.S. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 4, 2005, B.A.S. was born to Tammy and Joseph J. In 2006, B.A.S. was placed in the home of Angela S. and Lynn S. by Tammy and Joseph. Tammy was incarcerated at the time and Joseph was unable to care for the child. The trial court granted legal custody of B.A.S. to Angela and Lynn on July 26, 2007.

{¶3} On May 7, 2010, Angela and Lynn filed a petition to adopt the child. Angela and Lynn alleged in the petition that the consent of Tammy and Joseph was not needed because they had failed without justifiable cause to communicate with the child or to support the child for the period of one year immediately preceding the filing of the petition. Both Tammy and Joseph filed letters objecting to the granting of the petition. A hearing was held on the matter on November 15, 2010. Joseph did not appear for that hearing. The trial court entered judgment on January 13, 2011, finding that the consent of Tammy and Joseph were not necessary for the adoption petition to proceed. Tammy appeals from this judgment and raises the following assignments of error.

**First Assignment of Error**

> **The trial court's decision was against the manifest weight of the evidence.**
>
> **Second Assignment of Error**
>
> **The trial court prejudicially erred in not permitting [Tammy] to inquire into an area of potential bias during [Angela's] testimony.**
>
> **Third Assignment of Error**
>
> **The trial court prejudicially erred in not permitting [Tammy] to present telephone records.**

The assignments of error will be addressed out of order.

{¶4} In the second assignment of error, Tammy alleges that the trial court erred in not permitting her to question Angela about prior failed adoptions. Parties are permitted to impeach witnesses by showing that they may have a motive to misrepresent the truth. Evid.R. 616(A). An appellate court, however, may not reverse a trial court's ruling on the scope of cross-examination absent a showing of an abuse of discretion. *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 436 N.E.2d 1008. To find an abuse of discretion, the record must reveal that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶5} Here, Tammy claims that the evidence may have shown that Angela had attempted to adopt on numerous prior occasions, but had failed. Tammy

claims that this failure to adopt made Angela desperate to adopt B.A.S. and was a motive for Angela to lie. However, a review of the record indicates that there is no evidence that this testimony would have been elicited. In addition, Tammy does not even claim that this is the evidence that would have been elicited, only that it might have been the testimony.[1] When the objection to the testimony was made, Tammy made no attempt to show why the testimony was relevant. Thus, there is nothing in the record to indicate that the trial court abused its discretion. The second assignment of error is overruled.

{¶6} The third assignment of error alleges that the trial court erred in excluding the phone records. Tammy argues that as a pro se litigant, the trial court should have explained the process for authentication of documents to her.

> **In Ohio, a pro se litigant "is presumed to have knowledge of the law and of correct legal procedure and is held to the same standard as all other litigants." * * * A pro se litigant "cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter." Id.**
>
> **Pro se litigants are not accorded greater rights than parties who retain counsel, and the trial court "'does not have the duty of assisting a pro se litigant in the practice of law.'"**

*Citibank S. Dakota, N.A. v. Wood*, 169 Ohio App.3d 269, 2006-Ohio-5755, ¶57-58, 862 N.E.2d 576 (citations omitted). Although the frustration of Tammy at her inability to authenticate her exhibits due to her lack of understanding of the

---

[1] If the testimony really did show what Tammy alleges on appeal, it would have been relevant. However, that alone does not create an abuse of discretion.

necessary legal procedures is understandable, she has no right to have the trial court assist her in the presentation of her case. Thus, the trial court did not abuse its discretion by not explaining to Tammy how to authenticate the documents. The third assignment of error is overruled.

{¶7} In her first assignment of error, Tammy alleges that the trial court's judgment is against the manifest weight of the evidence.

> **Consent to adoption is not required of any of the following:**
>
> **(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimus contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.**

R.C. 3107.07. A review of the record shows that the only communication between Tammy and B.A.S. in the year immediately preceding the filing of the petition to adopt was a belated Christmas gift received in January. One contact in twelve months is insufficient to establish more than de minimus contact.[2] Given the facts before the trial court, the trial court's decision that Tammy had not had more than

---

[2] Even if one accepts that Tammy attempted to contact B.A.S. on several occasions, but her phone calls were not answered, this does not justify her failure to make any other attempts. She had a current address for B.A.S. and was able to send one package. She could have sent other communication to B.A.S., but did not attempt to do so, nor did she ever attempt to personally visit B.A.S..

de minimus contact with B.A.S. in the year before the petition was not against the manifest weight of the evidence.[3]  Id.  The first assignment of error is overruled.

{¶8} Having found no prejudicial error in the proceedings below, the judgment of the Court of Common Pleas of Shelby County, Probate Division, is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur in Judgment Only.**

**/jlr**

---

[3]  Having affirmed the trial court's determination that the contact was de minimus, this court need not address the question of whether there was support.