[Cite as *Domestic Linen Supply Co., Inc. v. Executive Court Med. Assocs., Inc.*, 2017-Ohio-1216.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Domestic Linen Supply Co., Inc.<br>dba Domestic Uniform Rental | Court of Appeals No. E-16-022 |
| | Trial Court No. 2015 CV 0746 |
| Appellant | |
| v. | |
| Executive Court Medical<br>Associates, Inc., et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided: March 31, 2017 |

* * * * *

James G. Kozelek, for appellant.

Christopher M. Marinko, for appellees.

* * * * *

**JENSEN, P.J.**

{¶ 1} This is an appeal from the judgment of the Erie County Court of Common

Pleas, granting appellees', Executive Court Medical Associates, Inc. and Graham

Johnson, motion to vacate both an arbitration award in favor of appellant, Domestic

Linen Supply Co., Inc., and the trial court's judgment confirming the arbitration award. For the reasons that follow, we reverse.

## I. Facts and Procedural Background

{¶ 2} On November 23, 2015, pursuant to R.C. 2711.09,[1] appellant filed its application for an order confirming an arbitration award entered in its favor against appellees on June 5, 2014. Service of the application was attempted by certified mail on Executive Court Medical Associates, Inc. at 54 Executive Drive, Norwalk, OH 44857, and on Graham Johnson at 49 Pawnee Drive, Milan, OH 44846. As to Executive Court Medical Associates, Inc. a return receipt was received signed by Nikita White. Service on Graham Johnson was unsuccessful as the certified mail was returned "Not Deliverable as Addressed." On November 30, 2015, the trial court entered its order granting confirmation of the arbitration award.

{¶ 3} Appellant subsequently began garnishment proceedings. In February 2016, notice of the attempts at garnishment were returned undeliverable and unable to be forwarded as to both appellees.

{¶ 4} Thereafter, on March 3, 2016, appellees moved to vacate both the trial court's November 30, 2015 judgment confirming the arbitration award, and the

---

[1] "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof." R.C. 2711.09.

2.

arbitration award itself. Appellees alleged that they never received notice of the arbitration proceedings or the trial court proceedings to confirm the arbitration award. In support, appellees submitted two affidavits, one from Scott Kaple, D.O., an officer and shareholder in Executive Court Medical Associates, Inc., and the other from Graham Johnson, the former business manager of Executive Court Medical Associates, Inc. Kaple, in his affidavit, stated that Executive Court Medical Associates, Inc. has not done business at 54 Executive Drive since October 2013. Further, he stated that Nikita White is not employed by Executive Court Medical Associates, Inc. Likewise, Johnson stated in his affidavit that he does not reside at 49 Pawnee Drive.[2]

{¶ 5} On March 11, 2016, the trial court granted appellees' motion, and vacated both the June 5, 2014 arbitration award and the November 30, 2015 judgment confirming the arbitration award.

{¶ 6} On March 14, 2016, appellant filed an opposition to appellees' motion to vacate, in which it argued that service was proper on both appellees as to the arbitration proceedings, and proper on Executive Court Medical Associates, Inc. as to the trial court proceedings. Appellant acknowledged that Johnson was not properly served in the trial court proceedings to confirm the arbitration award. The evidence submitted with the March 14, 2016 opposition showed that notice of the arbitration proceedings, the arbitration award, and the application for confirmation of the award were sent to

[2] Johnson also stated that he has never resided in Michigan and has never had a place of business in Michigan. Subsequent filings indicate that the notice of arbitration proceedings was sent to Johnson at 2885 Sanford Avenue SW, Grandville, MI, 49418.

3.

Executive Court Medical Associates, Inc. at 54 Executive Drive, which is the address listed on the underlying contract and registered with the Ohio Secretary of State. Appellees replied to appellant's opposition on March 17, 2016. On April 6, 2016, the trial court entered its judgment reaffirming that the arbitration award and confirmation of the arbitration award were properly vacated.

{¶ 7} Appellant timely appealed the trial court's March 11, 2016 judgment. It subsequently moved to amend its appeal to include the trial court's April 6, 2016 judgment. On May 5, 2016, we denied appellant's motion to amend, finding that the March 11, 2016 judgment was a final and appealable order, and thus the April 6, 2016 judgment was void and a nullity.

## II. Assignments of Error

{¶ 8} Appellant now asserts three assignments of error for our review:

1. The trial court lacked jurisdiction to entertain a motion to vacate the underlying arbitration award because it was not filed within the mandatory three-month period following the arbitration award.

2. Defendants' motion does not provide sufficient grounds to vacate both the arbitration award and the confirmation award.

3. The trial court's decision granting Defendants' motion to vacate, without affording Domestic an opportunity to be heard, cannot stand as a matter of law.

4.

### III. Analysis

**{¶ 9}** We will begin with appellant's third assignment of error. In that assignment, appellant contends that the trial court erred when it granted appellees' motion to vacate the arbitration award and judgment confirming the arbitration award without affording appellant an opportunity to respond to the motion. We agree.

**{¶ 10}** The issues in the underlying case center on (1) whether appellees were served with notice of the arbitration proceedings, and if not, whether the failure of service is sufficient grounds to vacate the award under R.C. 2711.10,[3] (2) whether appellees were served with the arbitration award, thereby triggering their obligation to file a motion to vacate the award within three months after the award is delivered to the parties pursuant

---

[3] R.C. 2711.10 states,

> In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
>
> (A) The award was procured by corruption, fraud, or undue means.
>
> (B) Evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

5.

to R.C. 2711.13,[4] and (3) whether appellees were served with the application for confirmation of the arbitration award and the judgment entry confirming the arbitration award.

{¶ 11} In this case, appellant's assignment of error presents a procedural issue. R.C. 2711.05 provides, "Any application to the court of common pleas under sections 2711.01 to 2711.15, inclusive, of the Revised Code, shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise expressly provided in such sections." Civ.R. 6(C) provides that "[u]nless otherwise provided by these rules, by local rule, or by order of the court, a response to a written motion, other than a motion that may be heard ex parte, shall be served within fourteen days after service of the motion, and a movant's reply may be served within seven days after service of the response to the motion."

{¶ 12} Here, appellees filed their motion on March 3, 2016. Eight days later, before appellant had an opportunity to respond, the trial court granted appellees' motion, and vacated its judgment and the arbitration award. This is error. *See Gibson-Myers &*

---

[4] R.C. 2711.13 provides, in part, "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." Notably, "To decide when an arbitration decision has been delivered for purposes of R.C. 2711.13, courts use the post-mark date, not the date the decision was actually received." *Citibank S.D., N.A. v. Wood*, 169 Ohio App.3d 269, 2006-Ohio-5755, 862 N.E.2d 576, ¶ 26 (2d Dist.2006), citing *Girard v. AFSCME Ohio Council 8, Local Union* 3356, 11th Dist. Trumbull No. 2003-T-0098, 2004-Ohio-7230, ¶ 14-16.

6.

*Assocs. v. Pearce*, 9th Dist. Summit No. 19358, 1999 Ohio App. LEXIS 5010 (Oct. 27, 1999) (trial court erred when it granted, four days later, a motion to compel production of certain documents without affording the other party time to respond); *Cleveland v. Laylle*, 8th Dist. Cuyahoga No. 75196, 1999 Ohio App. LEXIS 5571 (Nov. 24, 1999) (trial court committed reversible error when it granted a motion to suppress two days after it was filed and before the other party had an opportunity to respond).

{¶ 13} Appellees, in response, argue that any error by the trial court in prematurely granting their motion to vacate was harmless. In support, appellees contend that the affidavit and supporting documents submitted by appellant in its March 14, 2016 opposition do not demonstrate that appellees received notice of the arbitration award or the confirmation of the arbitration award. However, we find that it is not proper to pass upon those documents for the first time on appeal because,

> while an appellate court may decide an issue on grounds different from those determined by the trial court, the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof. A court of appeals cannot consider the issue for the first time without the trial court having had an opportunity to address the issue. *State v. Peagler*, 76 Ohio St.3d 496, 501, 668 N.E.2d 489 (1996).

7.

{¶ 14} Therefore, we hold that the trial court committed reversible error in granting appellees' motion to vacate without affording appellant an opportunity to respond.

{¶ 15} Accordingly, appellant's third assignment of error is well-taken.

{¶ 16} In appellant's first and second assignments of error, it raises the substantive arguments presented in its March 14, 2016 opposition, namely that appellees did not timely file their motion to vacate the arbitration award, and that their motion does not demonstrate that they are entitled to have the award vacated under R.C. 2711.10. As stated above, we find that it is improper to address those issues for the first time without the trial court having had an opportunity to consider them. Therefore, we find consideration of appellant's first and second assignments of error to be premature, and thus not well-taken.

### IV. Conclusion

{¶ 17} For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is reversed. The matter is remanded to the trial court for consideration of appellant's March 14, 2016 opposition and appellees' March 17, 2016 reply, as well as any further briefing and/or hearings that the trial court deems necessary. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgement reversed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.       _____
                     JUDGE

Thomas J. Osowik, J.

                    _____
James D. Jensen, P.J.          JUDGE
CONCUR.

                    _____
                      JUDGE

9.